UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN, | No. C 06-5941 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| ELOY MEDINA; et al., | |
| Defendants. | |

    Plaintiff originally filed this pro se civil action in the Eastern District of California, but that court determined the action was in the wrong venue and transferred it to the Northern District of California. When the action was filed in this district on September 26, 2006, the court notified plaintiff in writing that the complaint was deficient due to the failure to pay the filing fee or furnish a completed and signed court-approved in forma pauperis application, including a completed certificate of funds in the prisoner's account and a copy of the prisoner's trust account statement for the last six months. Plaintiff was advised that failure to pay the fee or file the completed application within thirty days would result in dismissal of the action.

    Plaintiff did send to the court an in forma pauperis application, but did not attach to it an inmate trust account statement or a certificate of funds. He attached to his application several documents, including an inmate appeal and another complaint form in which he stated that prison officials refused to process his inmate appeal to obtain a copy of the materials he needed from the trust account office. The documents show that plaintiff's failure to obtain the materials

needed for the in forma pauperis application was due to his refusal to follow standard operating policy rather than misbehavior by the prison officials. The attachments indicate that plaintiff insisted on using the inmate appeal system to obtain the materials despite the prison officials' direction to him that he had to follow "SVSP Operational Procedure # 2 Inmate Mail, Section RE: In Forma Pauperis." Oct. 5, 2006 Letter. If the prison policy is that a trust account statement and certificate of funds cannot be requested in an inmate appeal and must be requested by following Operational Procedure # 2, the prisoner must attempt to obtain the materials by following Operational Procedure # 2. Plaintiff's choice to bypass the procedure in place to obtain the required pauper materials provides no reason to excuse the requirement that he provide a copy of his inmate trust account and certificate of funds.

Plaintiff has failed to provide the court with either the filing fee or a complete in forma pauperis application and the deadline by which to do so has passed. The action is DISMISSED without prejudice for failure to pay the filing fee or submit a complete in forma pauperis application. Plaintiff may file a new action, but should include a filing fee or an in forma pauperis application with a new civil complaint to commence that new action. Because this action is now dismissed, plaintiff should not file an application or pay the filing fee in this action. The clerk shall close the file.

IT IS SO ORDERED.

Dated: March 23, 2007

SUSAN ILLSTON
United States District Judge

2